UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE STEIN**

**07 CIV 4849**

------x
ADEL SALEH ATTALLA & FATEN GUIRGUIS ATTALLA

-against-

**COMPLAINT**

IMMIGRATION & NATURALIZATION SERVICE, NOW
KNOWN AS UNITED STATES CITIZENSHIP & IMMIGRATION
SERVICES, AND MARY ANN GANTNER, DISTRICT DIRECTOR
OF THE NEW YORK SOUTHERN DISTRICT OFFICE OF THE
UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES,

Defendants

------X



RECEIVED
JUN 07 2007
U.S.D.C. S.D. N.Y.
CASHIERS

**REVIEW OF DENIAL OF APPLICATIONS FOR NATURALIZATION**

COPY RECEIVED
6H JUN 07 2007
U.S. ATTORNEY'S OFFICE

I. PARTIES:
Plaintiffs reside at 1325 Purdy Street, Apt 1A, Bronx, N.Y. 10462

Defendants, both maintain their offices at 26 Federal Plaza, New York, NY 10007

II. The jurisdiction of this Court is invoked pursuant to Section 310 (c) of the Immigration & Nationality Act.

III. a) This action is brought to seek review of a denial before this United States District Court for the district in which the plaintiffs reside within the allowable period of 120 days after the Service's denial of the plaintiffs' Applications for Naturalization. These denials were made on March 27, 2007. This is in accordance with Chapter 7 of Title 5, United States Code, 8 CFR 336.9. This review is sought de novo, and it is requested that the Court make its own findings of fact and conclusions of law and if the Court wishes may conduct a hearing de novo on their applications as well.

b) The Service denied the Applications for Naturalization of the plaintiffs and on a Request for a Hearing made by the plaintiffs from the decision made under Section 336 of the Act on October 16, 2006, the District Director denied the plaintiffs' applications on the grounds that plaintiffs lacked continuous residence and insufficient physical presence in the U.S. A rehearing was held on February 27, 2007 and the District Director affirmed that the plaintiffs had been absent from the United States for more than six months but less than one full year preceding five years on the Applications for Naturalization. During the hearing the District Director affirmed that the plaintiffs stated that three months prior to filing the N-400 applications, they both resided in Cairo, Egypt. The District Director concluded that absence from the U.S. for more than six months but less than one year during the statutory period broke the required continuity of residence.

c) Adel Attalla had been a permanent resident for over five years at the time he applied for U.S. citizenship in and about December 3, 2005, under A#47 147 436.

d) His wife, Faten Guirguis Attalla, nee Labib, had also been a resident for over five years at the time she applied for U.S. citizenship on December 3, 2005 as well, under File #A47 147 437.

e) Both of the plaintiffs have worked continuously for the American Embassy in Cairo, Egypt: Mr. Attalla from 1980 to the present; Faten Attalla since 1983 to the present. Mr. Attalla has worked as a Financial Analyst for the Department of State (DOS) at the American Embassy in Cairo; Faten Attalla has worked as an Administrative Assistant for the Department of Defense (DOD) in the office of the Defense Contract Management Agency (DCMA) in Cairo, Egypt continuously from 1983 to the present.

f) Section 1427 of (c) Title 8, Chapter 12, Subchapter III, Part II, Section 1427, specifically in Subsections (b) an (c) states as follows under (b)(1):

Prior to the beginning of such period of employment (whether such period begins before or after his departure from the United States), but prior to the expiration of one year of continuous absence from the United States, the person has established to the satisfaction of the Attorney General that his absence from the United States for such period is to be on behalf of such government...; and by which the alien was not employed until after being lawfully admitted for permanent residence; and

Subsection (c)   Physical Presence:

The granting of the benefits of Subsection (b) of this section shall not relieve the applicant from the requirement of physical presence within the United States for the period specified in Subsection (a) of this section, <u>except in the case of those persons who are employed by or under contract with the Government of the United States.</u>  It is indubitable that the District Director has failed to follow the clear application of Subsections (b) and (c) of Title 8, Section 1427 to these plaintiffs and has misapprehended the law pertaining thereto.

The plaintiffs are exempt from the physical presence in the United States by virtue of Paragraphs 316(b) and (c) of the Immigration Act. They maintain a permanent address in Bronx, N.Y. and have always paid their tax returns over the past six years.  At the present time, plaintiff, Faten G. Attalla, nee Labib, is a Budget Analyst/Administrative Assistant for the American Embassy, DCMA, Egypt; plaintiff, Adel Attalla, is a Financial Management Analyst at the American Embassy.

The provisions of Section 316 (c) contemplate in the computation of physical presence the period of employment abroad for these plaintiffs even though the plaintiffs were not physically present in the United States for an uninterrupted period of at least one year because they have since obtaining their residence they have been employees at the U.S. Embassy at Cairo, Egypt.

The plaintiffs' daughter, Nermin Attalla, A#47 147 439, was granted naturalization. Nermin was interviewed by Denise Walsh, and with the advice and consent of her two supervisors, Mr. Duane Kennison and Mr. Ed Newman, it was concluded that Nermin met the requirements of Section 316. Plaintiffs' other two children likewise, Nader Attalla, A#47 147 438, and Sameh Attalla, A#47 147 440, received their naturalization as well.

Other personnel at the American Embassy in Cairo in the same or similar situations as the plaintiffs who have received their citizenship include the following:

1. Assad Nagui Habib, worked at the U.S. Embassy in Cairo, Egypt, received his citizenship, now working at the American Embassy at Doha, Quatar.

2. Hassan Ondine, now received her U.S. Citizenship, then worked at Washington, D.C.

3. Tonha Nowry, received his U.S. citizenship after working at U.S. Embassy on the same basis as plaintiffs, now retired.

4. Nancy Bassily, received her citizenship after working on the same basis as the plaintiffs, File #A47 148 370.

5. Mary Malta, A#46 139 343, received her citizenship after working at the U.S. Embassy in Cairo, Egypt, the same facts as plaintiffs.

6. Nahad Matta, received her citizenship after working at U.S. Embassy in Cairo, Egypt, the same facts as plaintiffs.

7. Saadeya Youssef, worked at U.S. Embassy, Cairo, Egypt, same facts as plaintiffs. Contract at: SAADEYANY@state.sbu

8. Adel Ekdaivi, worked at the U.S. Embassy in Cairo, Egypt, received his citizenship on same basis as plaintiffs' case, now working at the American Embassy in Colombia. Contact at: EkdaiviA@state.sbu

The plaintiffs have exhausted all their remedies prior to bringing this action in the United States District Court, see Aparicio v Blakeway, 302 F. 3rd 437 (5th Cir. 2002).

IV. For the reasons specified, it is requested that the decision of the District Director of the Citizenship & Immigration Service be reversed, that the Court review the findings de novo, and conclude as a matter of law that the plaintiffs are entitled to naturalization and that the District Director and the Citizenship & Immigration Services be ordered to confer upon the plaintiffs U.S citizenship.

New York, 06/07/2007

Respectfully,

William H. Oltarsh, Esq.
Oltarsh & Associates, P.C.
Attorneys for Plaintiffs
494 Eighth Avenue - Suite 1704
New York, NY 10001
(212) 944-9420)