MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:  MATTHEW L. SCHWARTZ
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-1945
Fax: (212) 637-2750

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
ADEL SALEH ATTALLA &
FATEN GUIRGUIS ATTALLA,

                Plaintiffs,          **ANSWER**

              - against -          Filed Electronically

IMMIGRATION & NATURALIZATION      No. 07 Civ. 4849 (SHS)
SERVICE, NOW KNOWN AS UNITED
STATES CITIZENSHIP & IMMIGRATION
SERVICES, AND MARY ANN GANTNER,
DISTRICT DIRECTOR OF THE NEW YORK
SOUTHERN DISTRICT OFFICE OF THE
UNITED STATES CITIZENSHIP &
IMMIGRATION SERVICES,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

       Defendants United States Citizenship & Immigration Services ("CIS") and Mary Ann Gantner[1] (collectively, the "Government"), by their attorney Michael J. Garcia, United States Attorney for the Southern District of New York, answer the complaint on information and belief as follows:

---

      [1]     Andrea Quarantillo has succeeded Mary Ann Gantner as CIS's New York District Director and should be substituted as a defendant in this case, pursuant to Federal Rule of Civil Procedure 25(d)(1).

1. Deny the allegations in the first sentence of the complaint, under the heading "parties."

2. Admit the allegations in the second sentence of the complaint, under the heading "parties."

3. Neither admit nor deny the allegations in paragraph II of the complaint because they constitute plaintiffs' statement of jurisdiction, to which no response is required. To the extent a response is required, the Government denies the allegations contained in this paragraph.

4. Neither admit nor deny the allegations in paragraph III.a of the complaint because they constitute plaintiffs' characterization of this action, as well as conclusions of law, to which no response is required. To the extent a response is required, the Government denies the allegations contained in this paragraph, except admits that the Government issued its final "Decision[s] on Review of Denial of Naturalization Application" on March 27, 2007.

5. Deny the allegations in paragraph III.b of the complaint, except admit that by two decisions dated March 27, 2007, the Government finally denied plaintiffs' applications for naturalization because the plaintiffs' conceded absence from the country for more than six months, but less than one year, during the relevant statutory time period broke the required continuity of residence.

7. Deny the allegations in paragraph III.c of the complaint.

8. Deny the allegations in paragraph III.d of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph III.e of the complaint, except admit that plaintiffs were employed at the United States Embassy in Cairo, Egypt between at least 1980 and November 27, 2005 in Mr. Attalla's case, and between at least 1983 and 2005 in Mrs. Attalla's case.

10. Neither admit nor deny the allegations in the portions of paragraph III.f on page 3 of the complaint because they constitute statements and conclusions of law to which no response is required. To the extent a response is required, the Government denies the allegations contained in this paragraph, and respectfully refers the Court to 8 U.S.C. § 1427.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the last two sentences of paragraph III.f on page 3 of the complaint, except admit that plaintiffs were employed at the United States Embassy in Cairo, Egypt between at least 1980 and November 27, 2005 in Mr. Attalla's case, and between at least 1983 and 2005 in Mrs. Attalla's case.

12. Neither admit nor deny the allegations in the first paragraph on page 4 of the complaint because they constitute statements and conclusions of law to which no response is required.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second paragraph on page 4 of the complaint, except admit that plaintiffs' children were naturalized.

14. Deny the allegations in the third paragraph on page 4 of the complaint,

        including the list numbered 1-8 spanning pages 4 and 5 of the complaint.

15. Neither admit nor deny the allegations in the first full paragraph on page 5 of the complaint (regarding exhaustion of remedies) because they constitute statements and conclusions of law to which no response is required.

16. Paragraph IV of the complaint contains plaintiffs' prayer for relief, to which no response is required.

### FIRST DEFENSE

The administrative decisions issued by the CIS on September 16, 2006, and, upon further review, on March 27, 2007, denying petitioners' naturalization applications, were properly issued, were supported by substantial evidence in the record, comported with applicable law, and fell within the ambit of the CIS's broad discretion in naturalization matters.

        WHEREFORE, the Government demands judgment dismissing the complaint with prejudice

Dated:    New York, New York
             October 5, 2007

                      MICHAEL J. GARCIA
                      United States Attorney
                      Attorney for Defendants

                By:    /s/ Matthew L. Schwartz
                      MATTHEW L. SCHWARTZ
                      Assistant United States Attorney
                      Telephone: (212) 637-1945
                      Facsimile:  (212) 637-2750

TO:   William H. Oltarsh, Esq.
      Oltarsh & Associates, P.C.
      494 Eighth Avenue, Suite 1704
      New York, New York 10001